IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHNNY LEE WELCH, III,

    Plaintiff,

vs.                                           1:09-CV-146-MP/AK

OFFICER HAZELEAF,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff was directed by Order dated September 8, 2009, to file an amended complaint and specify the injuries resulting from the alleged excessive force used by Defendant Hazeleaf. (See Doc. 14). Plaintiff has filed an amended complaint wherein he alleges that the force used against him was actually *not* excessive because he was asleep when it occurred, and that no injury resulted because he was hit in the head and there are numerous ways to hit someone in the head without causing visible injuries. (Doc. 15).

Under the Eighth Amendment, force is deemed legitimate in a prison setting as long as it is used "in a good faith effort to maintain or restore discipline [and not] maliciously and sadistically to cause harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986), quoting Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973). A variety of factors are considered in determining whether the force was applied maliciously or sadistically, including the need for force, the relationship between that need and the

amount of force used, the threat reasonably perceived by the prison officials applying it, and any efforts made to temper the severity of the force used. Hudson v. McMillian, 503 U.S. 1, 7-8 (1992). A de minimis use of force, as evidenced by no injury, is one of the factors for consideration and cannot support a claim of excessive use of force. Hudson, at 7.

> A claim by a prisoner of an injury in prison he received in an unprovoked assault or excessive use of force by the guards or a failure to protect from other inmates should utilize the same approach to the nature of the injury and whether it actually falls under the new statute with regard to being a physical injury as to how people in a free world setting in exercising their day-to-day medical care would treat such injuries. Just as an example, there are numerous scrapes, scratches, cuts, abrasions, bruises, pulled muscles, back aches, leg aches, etc., which are suffered by free world people in just every day living for which they never seek professional medical care. Thus, an appropriate de minimis standard would be whether as a common-sense category approach to the injury; would the injury require or not require a free world person to visit an emergency room, or have a doctor attend to, give an opinion, diagnosis and/or medical treatment for the injury? In effect, would only home treatment suffice?
>
> ***
>
> A physical injury is an observable or diagnosable medical condition requiring treatment by a medical care professional. It is not a sore muscle, an aching back, a scratch, an abrasion, a bruise, etc., which lasts even up to two or three weeks. People in the regular and ordinary events and activities in their daily lives do not seek medical care for the injuries they receive unless it obviously appears to be of a serious nature, or persists after home remedy care.

Luong v. Hatt, 979 F. Supp. 481, 486 (N. D. Texas 1997). While the Eleventh Circuit has not adopted this precise definition, it has been applied by the United States District Court for the Middle District of Florida, Watkins v. Trinity Service Group, 2006 WL 3408176, and by district courts in Alabama and Georgia, which are included in the Eleventh Circuit. See Daughtry v. Moore, 2009 WL 1151858 (S.D. Ala.); Johnson v. Moody, 2006 WL 898135 (S.D. Ala); Talley v. Johnson, 2008 WL 2223259 (M.D. Ga.);

Johnson v. Bainbridge Public Safety, 2007 WL 2593969 (M.D. Ga.); Radford v. Johnson, 2006 WL 2927578 (M.D. Ga). This definition and the Luong case has been cited positively by both the Third and Sixth Circuits as well. See Perez v. United States, 2009 WL 1426765 (3rd Cir.) and Jarriett v. Wilson, 162 Fed. Appx. 394 (6th Cir. 2005).

Plaintiff's explanation that no injury resulted because the blow was to his head is self-serving and supports a finding that if *any* injury occurred it was *de minimis*.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's amended complaint (doc. 15) be **DISMISSED** for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the order adopting this report and recommendation direct the clerk of court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Gainesville, Florida, this __1st__ day of December, 2009.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**