IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JOHNNY LEE WELCH, III,

       Plaintiff,

v.                                        CASE NO. 1:09-cv-00146-MP-AK

OFFICER HAZELEAF, LEVY COUNTY JAIL,

       Defendants.

_____/

## O R D E R

     This matter is before the Court on Doc. 20, Report and Recommendation of the

Magistrate Judge, recommending that the First Amended Complaint, Doc. 15, be dismissed for

failure to state a claim.  The petitioner filed objections, Doc. 21, which the Court has reviewed.

In light of the Supreme Court's recent opinion in <u>Wilkins v. Gaddy</u>, 130 S.Ct. 1175 (2010), the

Court concludes that dismissal is not appropriate without further consideration.

     In the First Amended Complaint, the Plaintiff alleges the following:

     (1) Officer Hazeleaf would not feed me as a form of punishment.  (2) Officer
Hazeleaf told another inmate (Nathan Williams) that he would receive extra
canteen if he beat me up (3) Officer Hazeleaf assaulted me while I was asleep[.]
[T]his all occur[r]ed while I was asleep[;] if I was asleep there was no need to use
excessive force.  (4) There were no injuries because he hit me in my head.  There
are plenty of ways to beat a person up and leave no scars.  (5) The whole assault
was caught on cam[e]ra and I wrote a request the next day to Lt. Schults and Lt.
Horne and asked them to save the video.  (6) The major and Lt. Schults told me
that Officer Hazeleaf would never come near me again[.]  [A] few days later or
better yet the next day Officer Hazeleaf tried to step on my feet and put his penis
in my face then one hour later I was moved to another jail.

     The whole time the jail knew my life was in danger I wrote about for request to
Lt. Schults asking for protection from this and other officer.  I was a witness
against employees of the County Commissioner's Office for stealing money from
the County and I feel like I should have been removed from the County sooner.

He also made the following Statement of Claims:

> I believe I have the right to eat and starvation should not be used as a punishment.

> I believe I have the right not to get beat up in my sleep.

> I believe that I should have been protected when I became a witness against the County.

The Magistrate Judge in the Report and Recommendation focused on the fact that Plaintiff did not allege any physical injury resulting from the blow to his head that went beyond a de minimis injury. Relying upon <u>Hudson v. McMillian</u>, 503 U.S. 1, 7-8 (1992), the Magistrate Judge concluded "A de minimis use of force, as evidenced by no injury, is one of the factors for consideration and cannot support a claim of excessive use of force." Also, the Magistrate Judge concluded, "Plaintiff's explanation that no injury resulted because the blow was to his head is self-serving and supports a finding that if *any* injury occurred it was *de minimis*."

In <u>Wilkins v. Gaddy</u>, 130 S.Ct. 1175 (2010), the Supreme Court instructed as follows:

> The core judicial inquiry . . . was not whether a certain quantum of injury was sustained, but rather whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. When prison officials maliciously and sadistically use force to cause harm . . . contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

<u>Id.</u> at 1178 (internal quotes and citations removed). Here, the Plaintiff made more claims that just a blow to the head while he was asleep. He claimed that he was starved by an officer, the officer bribed another inmate to attack him, and he was harassed by the guard when the guard stuck his penis in his face. If Plaintiff were to show that he was subjected to these conditions for no legitimate reason, that would be contrary to contemporary standards of decency and an Eighth Amendment violation, even if he managed to escape without serious injury.

It is apparent that the Magistrate Judge, like the Fourth Circuit which was reversed by Wilkins, used the lack of visible injury as evidence of a de minimis use of force.[1]  The Wilkins Court, however, held that this may often be error:

> Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.  Accordingly, the Court concluded in Hudson that the supposedly "minor" nature of the injuries "provide[d] no basis for dismissal of [Hudson's] § 1983 claim" because "the blows directed at Hudson, which caused bruises, swelling, loosened teeth, and a cracked dental plate, are not de minimis for Eighth Amendment purposes." 503 U.S. at 10, 112 S.Ct. 995.

In the above passage from Wilkins, the Court was concerned with whether the "blows" were  "de minimis" and not necessarily the injuries.

Here, the Plaintiff alleges a gratuitous campaign of starvation, beating, and harassment which, if proven, amounts to more than a de minimis use of force or punishment.  However, it is necessary for Plaintiff to again amend his complaint because, as the Wilkins Court noted, the extent of injury is still relevant:

> This is not to say that the absence of serious injury is irrelevant to the Eighth Amendment inquiry. The extent of injury suffered by an inmate is one factor that may suggest whether the use of force could plausibly have been thought necessary in a particular situation.  The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." 503 U. S., at 9. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Ibid.* (some internal quotation marks omitted). An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. *Ibid.* (quoting *Johnson* v. *Glick*, 481 F. 2d 1028, 1033 (CA2 1973)).

---

[1]The first full sentence on page 2 of the Report and Recommendation stated, "A de minimis use of force, **as evidenced by** no injury, is one of the factors for consideration and cannot support a claim of excessive use of force." Doc. 20, p.2.

<u>Id.</u> at 1178. Also, the Supreme Court pointed out that "the relatively modest nature of his alleged injuries will no doubt limit the damages he may recover." <u>Id.</u> at 1180.

In sum, Plaintiff should amend the complaint to more fully support the claims he has made with allegations stating what damages he has suffered. For example, regarding his starvation claim he should address questions like "How long did it last? Did the Plaintiff lose weight? Become ill?" etc. Also, the Plaintiff needs to specify what injuries resulted from the alleged beating by the other inmate, the alleged beating by the guard ("Was his head sore? Did he have headaches, dizziness? Did he seek medical attention?" etc.), and the attempted stomping on of his feet. If no injuries occurred as a result of a certain action, Plaintiff should also state that.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Report and Recommendation of the Magistrate Judge (Doc. 20) is rejected. The Plaintiff is directed to file a Second Amended Complaint in compliance with this Order, by Friday, May 7, 2010.

**DONE AND ORDERED** this _7th_ day of April, 2010

_____*s/Maurice M. Paul*_____
Maurice M. Paul, Senior District Judge